UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In Re:<br><br>Larry Wayne Leach and Merinda Anne Leach,<br><br>      Debtors. | Bankruptcy Case<br>No. 18-00692-JMM |
|---|---|

### MEMORANDUM OF DECISION

**Appearances:**

 Patrick John Geile, FOLEY FREEMAN, PLLC., Meridian, Idaho, Attorney for Debtors.

 Noah G. Hillen, Boise, Idaho, chapter 7 Trustee.

### *Introduction*

On August 31, 2018, the chapter 7[1] Trustee, Noah G. Hillen ("Trustee"), filed an objection to debtors' Larry Wayne Leach and Merinda Anne Leach ("Debtors") claim of exemption. Dkt. No. 25. The Debtors responded to the objection, and on October 30, 2018, the Court conducted an evidentiary hearing at which evidence, testimony, and argument were presented. Thereafter, the Court took the objection under advisement.

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

MEMORANDUM OF DECISION − 1

The Court has now considered all that was presented in connection with the objection, as well as the applicable law, and issues the following decision. Fed. R. Bankr. P. 7052; 9014.

### *Facts*

On July 28, 2014, Debtors purchased a 2008 Subaru Impreza (the "Vehicle") from a private individual for $12,500. Ex. 200. The Vehicle was titled in both Debtors' names. *Id.* Mr. Leach testified that the Debtors' intent in making the purchase was to allow their daughter to take the Vehicle with her to college the following month. They made all required payments, and they initially paid the insurance and registration on it. In May 2015, their daughter got married. Debtors decided to permit her to retain possession of the Vehicle at that time, but she began to pay her own insurance and registration on the Vehicle when it came due. Debtors did not change the title, so it remained in their names.

Debtors filed their bankruptcy petition on May 31, 2018. Dkt. No. 1. In their schedules, they listed ownership of several vehicles, including a 2000 Subaru Impreza. Ex. 204. Regarding the 2000 Impreza, they noted that they "Gave to Adult Daughter in 2014 – Title Still in Larry's[2] Name. Location: 819 N. 21st Street, Boise, ID 83702." *Id.* On schedule C, Debtors claimed the 2000 Subaru Impreza as exempt in the amount of

---

[2] The Vehicle is actually titled in both Debtors' names. Ex. 200. This inaccuracy in Debtors' schedules is not material to the issues before the Court.

MEMORANDUM OF DECISION − 2

$7,000 pursuant to Idaho Code § 11-605(3).  Dkt. No. 1.  However, Debtors did not actually own a 2000 Subaru Impreza.  Rather, the model year of the 2008 Vehicle was mistakenly listed on the schedules as "2000."  Debtors did own a 2000 model year vehicle at one time, but it was a Daewoo Nabira, and they no longer owned that vehicle at the time of filing.[3]

The initial § 341 meeting of creditors was held on June 28, 2018, at which Debtors appeared and testified.  Dkt. No. 18.  At this creditors' meeting, the error in the schedules concerning the Vehicle was brought to light, and the mistake was explained.  The meeting of creditors was later continued to July 12, 2018, and concluded on that date.  Dkt. Nos. 18; 20.  The deadline to file objections to Debtors' claims of exemption was set for thirty days after the conclusion of the meeting of creditors.  Dkt. No. 2.

Following the conclusion of the meeting of creditors, Debtors did not amend their schedules to correct their admitted error.  Nearly two months after the inaccuracy was discovered, on August 23, 2018, Trustee demanded, by letter, that Debtors turn over the Vehicle to him.  Ex. 201.  Shortly thereafter, on August 31, 2018, Debtors amended their schedules to correct the model year of the Subaru Impreza from 2000 to 2008 and to claim the Vehicle exempt in the amount of $7,000 under Idaho Code § 11-605(3).  Ex.

---

[3] The error on the model year occurred on schedule B, schedule C, and the Statement of Financial Affairs.  But for that error, it appears the Vehicle would have been accurately described, properly exempted, and its transfer adequately disclosed.

MEMORANDUM OF DECISION − 3

205; Dkt. No. 23.  That same day, Trustee objected to Debtors' claim of exemption in the Vehicle on the grounds that § 522(g) precludes such a claim.  Dkt. No. 25.  Debtors responded to the objection, raising several arguments.  Dkt. No. 27.

*Analysis and Disposition*

Trustee contends the Code precludes Debtors' claim of exemption in the Vehicle. Pursuant to § 522(g), a debtor may exempt property the trustee recovers under sections 510(c)(2), 542, 543, 550, 551, or 553, if the debtor could have exempted such property under § 522(b) had the transfer not occurred, so long as the debtor neither voluntarily transferred the property nor concealed it.

It is Trustee's position that Debtors voluntarily transferred the Vehicle to their daughter, who retained possession of it for several years, including on the petition date, although they never changed the title.  Because of this voluntary transfer, Trustee argues, § 522(g) precludes Debtors from claiming the Vehicle as an exempt asset once Trustee made a demand for it.  Debtors disagree with Trustee, countering with several arguments.

A.  Section 522(g)

Section 522(g) provides that debtors may exempt property the trustee recovers if the debtor could have exempted the property had it not been transferred, so long as the transfer was involuntary and the debtor did not conceal it.  "The purpose of § 522(g) is to prevent a debtor from claiming an exemption in recovered property, which was

MEMORANDUM OF DECISION − 4

transferred in a manner giving rise to the trustee's avoiding powers, where the transfer was voluntary or where the transfer or property interest was concealed." *Rainsdon v. Farson (In re Farson)*, 387 B.R. 784, 798 (Bankr. D. Idaho 2008).

    *1. Transfer*

Section 522(g) requires that the property claimed exempt be transferred and then recovered. The Code defines transfer, in relevant part, as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property…." § 101(54). In *In re Farson*, the debtor made payments to purchase her boyfriend's car. 387 B.R. at 788. This Court found there was no transfer for the purposes of § 101(54) because "there was no 'disposing of' or 'parting with' the [car] and hence no transfer. It remained in [the debtor's] possession the entire time; only [the debtor's] payments were transferred to [the boyfriend]." *Id*. at 798.

In contrast to the facts presented in *Farson,* here, Debtors parted with possession of the Vehicle for a time, even though they did not transfer the title. The text messages in evidence suggest that it was the daughter's understanding that she was in a position to give the Vehicle back when she chose to do so. For example, in the text message to Mrs. Leach, Debtors' daughter wrote, "We've decided we're going to buy a car…. So you guys can have your Impreza back. Thanks for letting us borrow it for a few years." Ex. 203. However, the documents and testimony offered demonstrate that Debtors intended

MEMORANDUM OF DECISION − 5

that while their daughter could possess the Vehicle, ownership would always remain in them. Furthermore, as of the petition date, Debtors had not asked for the Vehicle back, despite their financial difficulties. *See Id*.

The Ninth Circuit observed that the definition of "transfer" under the Code is "*extremely*" broad. *Bernard v. Sheaffer (In re Bernard)*, 96 F.3d 1279, 1282 (9th Cir. 1996) (emphasis in original). The panel in *Bernard* quoted the legislative history of § 101(54) to make its point:

> A transfer is a disposition of an interest in property. The definition of transfer is as broad as possible. Many of the potentially limiting words in current law are deleted, and the language is simplified. Under this definition, any transfer of an interest in property is a transfer, *including a transfer of possession, custody, or control even if there is no transfer of title*, because possession, custody, and control are interests in property.

S. Rep. No. 989, 95th Cong., 2d Sess. 27 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5813 (emphasis supplied).

Based upon the foregoing, the Court agrees with Trustee that Debtors transferred the Vehicle when they gave it to their daughter and left it in her possession for several years, despite continually maintaining legal ownership of it. Having determined that a transfer occurred, the Court next considers whether Trustee "recovered" the property.

*2. Recovery*

Courts examining this issue have defined "recovery" broadly for the purposes of

MEMORANDUM OF DECISION − 6

§ 522(g).  For example, in *Glass v. Hitt (In re Glass)*, the debtor had transferred title to his residence to his son for "love and affection" prior to filing his chapter 7 petition.  164 B.R. 759 (9th Cir. BAP 1994), *aff'd,* 60 F.3d 565 (9th Cir.1995).  He did not list the residence as an asset in his schedules, nor did he disclose the transfer in his statement of financial affairs.  *Glass,* 164 B.R. at 760.  At the § 341(a) meeting of creditors, however, a creditor informed the trustee about the prepetition transfer of the residence, and the debtor thereafter amended his schedules to list an interest in the residence and claimed a homestead exemption therein.  *Id.*  The trustee objected to the debtor's homestead exemption claim on the basis of § 522(g) and stated his intention to seek avoidance of the conveyance as a fraudulent transfer under § 548.  *Id.* at 761.  However, even before the trustee had made a demand for turnover, the debtor's son reconveyed the residence to the debtor, stating "love and affection" as the consideration for the transaction.

The bankruptcy court overruled the trustee's objection, "holding [Mr.] Glass was entitled to claim the homestead exemption under section 522(b) because the trustee did not direct any action against the transferee son to achieve reconveyance of the residence to the estate, and thus, the trustee did not 'recover' any property." *Glass,* 60 F.3d at 567.  However, on appeal, the BAP reversed, stating:

> we hold that where a debtor voluntarily transfers property in a manner that triggers the trustee's avoidance powers or the debtor knowingly conceals a prepetition transfer or an interest in property, and such property is returned to the estate as a result of the trustee's actions directed toward either the debtor or the transferee, the debtor is not entitled to claim an exemption

MEMORANDUM OF DECISION − 7

under § 522(g)(1). It is not necessary for the trustee to commence a formal adversary proceeding or obtain a final judgment to prevail on an objection to a debtor's claim of exemption pursuant to § 522(g)(1).

*Glass,* 164 B.R. at 764−65.

In this case, Trustee knew that Debtors were the title owners of the Vehicle as of June 28, 2018, and Debtors were similarly aware of their mistake at that time. Trustee waited nearly two months, but when no effort was made to correct the schedules, he wrote a formal demand letter to Debtors informing them of the Vehicle's inclusion in their bankruptcy estate and demanding turnover, and sought their daughter's name and address so Trustee's auctioneer could pick the car up. Under *Glass*, this is very close to constituting a "recovery" under § 522(g).

However, the Vehicle was voluntarily returned to the Debtors shortly after July 8, 2018, not due to any action by Trustee, but because their daughter purchased a new car and no longer needed it, as demonstrated by the text messages in evidence. Moreover, as explained above, the transfer at issue was a transfer of possession only, and Debtors' daughter voluntarily returned possession of the Vehicle to them. Thus, both legal title and possession rested with Debtors by the time Trustee wrote the demand letter. Additionally, under the broad definition of estate property under § 541(a), the Vehicle was already included in Debtors' bankruptcy estate, as they legally owned it by virtue of the certificate of title. § 541(a) (property of the estate "is comprised of all the following property, wherever located and by whomever held: . . . all legal or equitable interests of

MEMORANDUM OF DECISION − 8

the debtor in property as of the commencement of the case."); *In re Woods*, 08.2 I.B.C.R. 61, 61-62 (Bankr. D. Idaho 2008).  The original transfer of possession to Debtors' daughter did not confer legal title to her under Idaho law.  Idaho Code § 49-503 ("no person acquiring a vehicle from the owner, whether the owner is a dealer or otherwise, shall acquire any right, title, claim or interest in or to the vehicle until he has issued to him a certificate of title to that vehicle."); *Hopkins v. Shradley (In re Shradley)*, 03.1 I.B.C.R. 7, 8 (Bankr. D. Idaho 2003) (a party has "no cognizable ownership interest in a vehicle where no certificate of title [has] yet been issued in that party's name.").  As such, the only "recovery" Trustee's demand letter brought about was Debtors' act of formally correcting the model year of the Vehicle on their schedules.  Additionally, correcting the Vehicle's model year on schedule C permitted Debtors to claim the Vehicle exempt as had always been their intent.

   While it would not require a particularly expansive reading of *Glass* to conclude that the facts presented here constitute a recovery for the purposes of § 522(g), the Court is nevertheless mindful of the well-established standard that exemption statutes are to be liberally construed in favor of debtors.  *In re Cantu*, 515 B.R. 784, 786 (Bankr. D. Idaho 2014).  As such, the Court interprets "recovers" within the meaning of § 522(g) to not include this instance, where Trustee's actions did not result in the transferred interest being returned to the estate, and in fact occurred subsequent thereto.  Moreover, the purpose behind § 522(g), which is to "prevent a debtor from claiming an exemption in

MEMORANDUM OF DECISION − 9

recovered property which was transferred in a manner giving rise to the trustee's avoiding powers, where the transfer was voluntary or where the transfer or property interest was concealed" is not frustrated here.  *Glass*, 60 F.3d at 569.

In this instance, Debtors acted as many parents do, and provided their child with a car to drive, but retained legal ownership themselves.  From the purchase date in 2014 to the present, Debtors kept the title to the Vehicle in their names and made no attempt to transfer legal title to their daughter through the Idaho Department of Transportation.  Thus, unlike the facts in *Glass*, in this case there was no prepetition title transfer to the child via a legal instrument and a subsequent transfer back following the filing of the petition.  There was also no attempt to conceal their actions.  Indeed, Debtors endeavored to disclose the transfer on their schedules:  they identified the Vehicle, unfortunately using an incorrect model year, claimed it exempt, but also declared under penalty of perjury in their statement of financial affairs that they "Gave to Adult daughter in 2014 – Title Still in Larry's name."  While the Court finds that Debtors made a mistake in describing the same car by stating the wrong model year, they did acknowledge that they "gave" the Vehicle to their daughter.

Words have meaning.  Debtors' use of the word "gave" reflects an intent to transfer rights in some fashion, and it is undisputed that possession was transferred, even while ownership was not.  Moreover, the payment of registration fees and insurance premiums by the daughter does not settle the issue.  Those actions constitute payments

MEMORANDUM OF DECISION − 10

only and reflect the Debtors' and their daughter's intention to shift some costs of possession. It did not confer ownership.

Here the undisputed evidence demonstrates Debtors intended to list the Vehicle on their schedules and claim it exempt, but a typographical error prevented them from actually doing so.[4] In this case, the Court will not deny Debtors an exemption under these facts simply because it took action by the Trustee for their counsel to rectify his dilatory attitude toward amending their schedules.

Because Trustee did not recover the Vehicle within the meaning of § 522(g), there is no basis upon which to deny Debtors' claim of exemption, and Trustee's objection will be denied.

B.  Debtors' Timeliness Argument

Despite the Court's holding as announced above, it will nevertheless briefly address Debtors' argument that Trustee failed to act in a timely fashion. Specifically, Debtors contend that Trustee's objection to their claim of exemption was untimely. They argue that because Trustee knew about the typographical error in the schedules as of the initial meeting of creditors, and because the amended schedules merely corrected that

---

[4] This case is a cautionary tale of how debtors and their counsel should be vigilant to carefully proofread schedules prior to filing, and timely amend them when errors are discovered. While not argued here, another risk faced by Debtors in failing to amend their schedules is it may create an argument that the asset was not administered under § 554(d). Inaction may have unintended consequences.

MEMORANDUM OF DECISION − 11

error, Trustee filed his objection too late. Implicit in that argument is the notion that Trustee was required to object to Debtors' claim of exemption in the schedules as incorrectly filed. The Court disagrees.

Upon the filing of a bankruptcy petition, a bankruptcy estate is created that includes "all legal or equitable interests of the debtor in property as of the commencement of the case." § 541(a)(1). In order to shield property from the reach of the trustee, debtors are required to list the property they claim as exempt. Rule 4003(a). Once that is done, the Code imposes upon trustees the duty to object to claims of exemption that are improper. *Id.* Rule 4003(b) provides trustees thirty days after the meeting of creditors is concluded or within thirty days after any amendment to the schedules is filed in which to object. Moreover, if a trustee or other party in interest fails to object within the time period allotted, the claim of exemption stands, even if there was no legal basis to support it. *Taylor v. Freeland & Kronz*, 503 U.S. 638, 644 (1992); *In re Gardner,* 09.4 I.B.C.R. 119, 120 (Bankr. D. Idaho 2009).

Trustees are only required to object if: 1) the value of the property claimed as exempt exceeds statutory limits, 2) the type of property being exempted is improper, or 3) the cited bankruptcy code provision does not support the exemption. *Schwab v. Reilly,* 560 U.S. 770, 782 n.7 (2010). Stated another way, the Supreme Court held that a trustee is:

MEMORANDUM OF DECISION − 12

> entitled to evaluate the propriety of the claimed exemptions based on three, and only three, entries on [the debtor's] Schedule C: the description of the business equipment in which [the debtor] claimed the exempt interests; the Code provisions governing the claimed exemptions; and the amounts [the debtor] listed in the column titled "value of claimed exemption."

*Id.* at 785.

In *Schwab*, the Supreme Court described the trustee's duty when examining a debtor's schedules as looking for "warning flags" and facial validity. *Id.* at 789, 791. Indeed, *Schwab* expresses the opinion that trustees should be able to rely on the facial validity of claimed exemptions, and when they are unobjectionable under the Code, trustees are not required to object within the deadline prescribed in Rule 4003. *Id.* at 790-91, 794. Extrapolating from the decision in *Schwab*, Trustee in this case was entitled to rely on the description of the property in which Debtors initially claimed the exempt interest – a 2000 Subaru Impreza. As such, when scrutinizing Debtors' initial schedules in the case at bar, Trustee would have found no cause to object to the exemption of a "2000 Subaru Impreza" under the description of the property, the Idaho statute upon which the exemption was claimed, or the dollar amount of the exemption.

However, at the § 341 meeting of creditors, Trustee learned that the 2000 Subaru Impreza did not exist, but rather a 2008 Impreza was the vehicle Debtors actually owned. Debtors contend Trustee had a duty to object to the schedules at that point. The Court disagrees.

MEMORANDUM OF DECISION − 13

The Supreme Court in *Schwab* noted its decision levied no greater burdens on debtors than those already imposed by the Code: "to state their claimed exemptions accurately and to conform such claims to statutory limits." *Id.* at 790 n.17. The Ninth Circuit has stated, "[b]ecause the time to object is relatively short, *see* Bankr. Rule 4003(b), it is important that trustees and creditors be able to determine precisely whether a listed asset is validly exempt simply by reading a debtor's schedules. Given that the debtor controls the schedules, we construe any ambiguity therein against him." *Hyman v. Plotkin (In re Hyman),* 967 F.2d 1316, 1319 n.6 (9th Cir. 1992); *Morgan-Busby v. Gladstone (In re Morgan-Busby),* 272 B.R. 257, 264−66 (9th Cir. BAP 2002) (same).

In *Schwab,* the Supreme Court held that:

> For all of these reasons, the policy considerations [the debtor] cites support our approach. Where, as here, a debtor accurately describes an asset subject to an exempt interest and on Schedule C declares the "value of [the] claimed exemption" as a dollar amount within the range the Code allows, interested parties are entitled to rely upon that value as evidence of the claim's validity. Accordingly, we hold that [the trustee] was not required to object to [the debtor's] claimed exemptions in her business equipment in order to preserve the estate's right to retain any value in the equipment beyond the value of the exempt interest.

*Schwab,* 560 U.S. at 794–95. This Court has held similarly. *See In re Wisdom*, 478 B.R. 394, 399 (Bankr. D. Idaho 2012), *aff'd*, 490 B.R. 412 (D. Idaho 2013), *aff'd sub nom.*; *Wisdom v. Gugino*, 649 F. App'x 583 (9th Cir. 2016) ("a debtor has a responsibility of clearly claiming exemptions.… Indeed, in a bankruptcy system that processes millions of individual cases each year, trustees, creditors, bankruptcy courts, and others interested in

MEMORANDUM OF DECISION − 14

the process should not have to speculate concerning Debtor's exemption intentions."); *In re Stromire,* 94 I.B.C.R. 70 (Bankr. D. Idaho 1994) (a debtor's failure to cite Idaho exemption law with specificity is grounds to deny the debtor's claim of exemption).

The duty lies with debtors to accurately and clearly state their claimed exemptions. They may not shift this responsibility to trustees by requiring objections to inaccurate schedules based upon their knowledge, actual or imputed.

Moreover, under these facts, Trustee would have no motive to raise any such objection. Under a plain reading of Debtors' initial schedules, they claimed an exemption in a 2000 Impreza, a vehicle they did not own. From the Trustee's perspective, such a claim could not in any way add to or diminish the bankruptcy estate, and did not prevent him from administering any of the estate's actual assets. Thus, he would have no motivation to object.

While this result may be seen as encouraging trustees to bury their heads in the sand, or worse, to wait in the weeds for Debtors' next move, such an outcome is somewhat more palatable under the facts presented in this case. All parties were aware of the inaccuracy in the schedules as of the date of the initial meeting of creditors. Yet, Trustee waited over six weeks after the conclusion of the second and final creditors' meeting before sending a demand letter, giving Debtors ample time to amend their schedules.

MEMORANDUM OF DECISION − 15

As such, the Court concludes that Trustee was not required to object to the claim of exemption in the 2000 Subaru Impreza in order to preserve the estate's right to retain any interest in the Vehicle. Rather, it was Debtors who had a duty to amend their schedules to clearly and unambiguously claim the Vehicle exempt. They did not do so until two months later, and after Trustee's demand, at which time Trustee timely objected.[5]

### *Conclusion*

The requirements of § 522(g) have not been met in this case. While Debtors transferred possession of the Vehicle, Trustee's actions did not constitute a recovery within the meaning of § 522(g). Accordingly, Trustee's objection to Debtors' claim of exemption in the 2008 Subaru Impreza will be denied by separate order.

DATED: December 20, 2018



_____
JOSEPH M. MEIER
U. S. BANKRUPTCY JUDGE

---

[5] As was noted above, Debtors raised other arguments, including their need for use of the Vehicle, as well as whether a meaningful distribution would occur if Trustee sold it. As the Court has concluded there was no recovery within the meaning of § 522(g), these arguments are moot and will not be addressed.

MEMORANDUM OF DECISION − 16